Argued and submitted March 23, reversed and remanded May 10, 2006

Robert J. HAGEL,
*Appellant,*

*v.*

PORTLAND STATE UNIVERSITY,
*Respondent.*

04F-017100; A127444

135 P3d 360

Craig P. Colby argued the cause and filed the briefs for appellant.

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Ortega, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals a judgment dismissing his complaint, brought under the forcible entry and detainer (FED) law. We reverse.

Plaintiff's amended complaint alleged, in pertinent part:

"Defendant is in possession of the [premises at issue].

"Defendant entered upon the premises with force on Sept. 23, 2004, in violation of ORS 105.105.

"Plaintiff is entitled to possession of the premises, because: For several years, until Defendant ousted him on Sept. 23, 2004, Plaintiff was in peaceful possession of the premises."

Pursuant to ORCP 21 A(8), defendant moved to dismiss the complaint for failure to state a claim.

A prolonged discussion would be of no benefit to the parties, bench, bar, or public. We reject, without discussion, defendant's jurisdictional challenge. We further conclude that the allegations of plaintiff's FED complaint were legally sufficient, ORS 105.123, and that the trial court therefore erred in dismissing the complaint pursuant to ORCP 21 A(8). Finally, because the propriety of an ORCP 21 A(8) dismissal is determined solely by reference to the allegations of the complaint, *Ramex, Inc. v. Northwest Basic Industries*, 176 Or App 75, 85, 29 P3d 1211 (2001), plaintiff's supposed "judicial admissions" (as they are styled by defendant) in plaintiff's reply brief on appeal cannot somehow retroactively "cure" the trial court's error.

Reversed and remanded.